1  MICHAEL R. DUFOUR, ESQ. California Bar No.: 290981
**SOUTHWEST LEGAL GROUP**
2  22440 CLARENDON STREET, SUITE 200
3  WOODLAND HILLS, CA 91367
TEL: (818) 591-4300
4  FACSIMILE: (818) 591-4315
mdufour@swlegalgrp.com
5

6  W. CRAFT HUGHES, ESQ. Texas Bar No.: 24046123
JARRETT L. ELLZEY, ESQ. Texas Bar No.: 24040864
7  BRIAN B. KILPATRICK, ESQ. Texas Bar No.: 24074533
**HUGHES ELLZEY, LLP**
8  (*pro hac vice* admission will be requested)
GALLERIA TOWER I
9  2700 POST OAK BOULEVARD, SUITE 1120
HOUSTON, TX 77056
10 TEL: (713) 554-2377
FACSIMILE: (888) 995-3335
11 craft@hughesellzey.com
jarrett@hughesellzey.com
12 brian@hughesellzey.com
13
MATTHEW SCOTT ROBINSON
14 6700 LAKEWOOD DR.
AUSTIN, TX 78731
15

16                     UNITED STATES DISTRICT COURT
17         EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVSION
18

19

20 MATTHEW SCOTT ROBINSON,          Case No.  2:14-at-1266
   individually and on behalf of all others
21 similarly situated,                CLASS ACTION COMPLAINT FOR
                                      DAMAGES AND  INJUNCTIVE RELIEF
22          Plaintiffs,

23     v.

24 PARAMOUNT EQUITY MORTGAGE,
   LLC,
25
            Defendant.
26

27            **PLAINTIFF'S CLASS ACTION COMPLAINT**

28
                                   1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW SCOTT ROBINSON ("Plaintiff"), individually and on behalf of all other persons similarly situated, bringing this action against Defendant PARAMOUNT EQUITY MORTGAGE, LLC ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

**JURISDICTION & VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendant.  Furthermore, Plaintiff Class consists of at least one hundred members.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1-2) because a substantial part of the events or omissions giving rise to the claims occurred in this District; and Defendant resides in this District.

3. Defendant is subject to general personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing business.  By residing and operating a business in the State of California, Defendant has purposefully invoked the protection of California law, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

**INTRODUCTION**

4. Plaintiff Matthew Scott Robinson brings this class action against Defendant Paramount Equity Mortgage, LLC to secure redress because Defendant willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer

2

and/or artificial or pre-recorded or artificial voice message.

5. Defendant made one or more unauthorized calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.

6. Defendant's conduct and actions violated the TCPA, for which Plaintiff and the Class Members seek judgment against Defendant equal to $500.00 per violation, together with attorneys' fees, court costs, and treble damages (for knowing and/or willful violations).

**PARTIES**

7. Plaintiff MATTHEW SCOTT ROBINSON is a citizen of the State of Texas who resides in Austin, Travis County, Texas.

8. Defendant PARAMOUNT EQUITY MORTGAGE, LLC is a corporation organized under the laws of the State of California. Defendant maintains its principle place of business at 8781 Sierra College Blvd., Roseville, California 95661. Defendant may be served with process by serving its Registered Agent, Matthew Dawson, at 8781 Sierra College Blvd., Roseville, California 95661.

9. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**LEGAL BASIS FOR THE CLAIMS**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can

be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.  Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, auto dialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

12.  In its initial implementation of the TCPA rules, the FCC included in exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption.  Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party did not first obtain express written consent from the called party.

13.  As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibits solicitations to residences that use an artificial voice or a recording.
- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

4

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.

14. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

15. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**FACTUAL BACKGROUND AS TO PLAINTIFF**

16. Between September 8, 2014 and September 16, 2014, Defendant contacted Plaintiff on his cellular telephone number *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), eight times without first obtaining Plaintiff's consent.

17. On September 8, 2014, Plaintiff received a call on his cellular telephone, assigned a number ending in 0165.

18. Plaintiff's caller ID read "201-358-5200" as the call was incoming. This number is assigned to Defendant.

19. After Plaintiff answered the call with a greeting, there was a momentary silence before Plaintiff could hear what he recognized as a call center in the background.

20. The call was dropped seconds later.

21. Based on Plaintiff's experience and knowledge, Plaintiff reasonably believed Defendant's call was made *via* ATDS.

22. Later that same day, Plaintiff received another call from Defendant.

23. After a momentary silence, Plaintiff was greeted by a representative of Defendant.

24. Defendant's representative said he was calling on behalf of Paramount Equity Mortgage.

25. Defendant's representative further explained he was calling about financing options for Plaintiff's home at 603 Pecan Grove Road in Austin, Texas.

26. Plaintiff told Defendant's representative he had sold the house and asked how Defendant obtained his information.

27. Defendant's representative told Plaintiff that Defendant obtained his information from a third party.

28. Defendant's representative assured Plaintiff his number would be removed from Defendant's call list.

29. On September 11, 2014, Plaintiff received another call from Defendant.

30. Plaintiff attempted to engage the caller; however, the call was dropped seconds later.

31. Plaintiff called the 201-358-5200 number Defendant had used to call him less than a minute before.

32. Plaintiff was greeted by a recorded message informing him that the number he called had been "disconnected."

6

33. On September 12, 2014, Plaintiff received another call from the number he knew to be associated with Defendant.

34. The call was dropped shortly after Plaintiff answered.

35. Later that same day, Defendant called Plaintiff again.

36. This time, a representative of Defendant engaged Plaintiff and explained he was calling to discuss financing options for Plaintiff's house located at 603 Pecan Grove, Austin, Texas.

37. Plaintiff explained yet again that he had sold the house and then asked where Defendant obtained his information.

38. Defendant's representative told Plaintiff his information was obtained from a third party.

39. Plaintiff told Defendant's representative that he was not interested and that he had asked to be removed from Defendant's call list.

40. Defendant's representative assured Plaintiff he would not receive any more calls from Defendant.

41. On September 15, 2014, Plaintiff received a call from Defendant.

42. Plaintiff immediately answered the call but the call was dropped moments later.

43. On September 16, 2014, Defendant called Plaintiff again; however, Plaintiff did not answer on this occasion.

44. Defendant did not leave a voicemail.

45. Later that same day, Defendant called Plaintiff and began the same sales pitch Plaintiff had heard during the previous calls.

46. Plaintiff told Defendant he sold the subject home.

47. Defendant immediately disconnected the call.

48. Plaintiff understood the purpose of Defendant's calls was to solicit mortgage refinancing business from Plaintiff.

49. Plaintiff was not interested in Defendant's offers, and the repetitive calls were unwanted and disruptive.

50. At no time prior to or after this call did Plaintiff enter into a business relationship with Defendant or contact Defendant about its products or services.

51. Plaintiff electronically stored Defendant's number and a record of each call on his cellular telephone.

52. Furthermore, Plaintiff's telephone records reflect 8 calls from "201-358-5200," which Plaintiff confirmed was associated with Defendant's business phone number.

53. The telephone number Defendant called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

54. Plaintiff pays the bill associated with the cellular telephone assigned the number ending in 0165.

55. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 0165.

56. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

57. Plaintiff did not provide Defendant prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

58. All calls Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).

59. Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone customers to market its products and services.

60. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

61. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

62. Pursuant to Rules 23(b) and (c) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff brings this action on his own behalf and on behalf of the proposed Plaintiff Class. Plaintiff seeks certification of a Plaintiff Class consisting of:

> All persons within the United States who Defendant, or some person on Defendant's behalf, called the person's cellular telephone by using an automatic telephone dialing system, or using any other device that has the capacity to dial numbers without human intervention, from October 16, 2013 to the date the Class is certified, where Defendant's records fail to indicate prior express written permission from the recipient to make such call.

63. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

64. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

9

65.  Plaintiff and members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and Class members were damaged thereby.

66.  This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

67.  The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records.

68.  There is a well-defined community of interest in the questions of law and fact affecting Plaintiff and the Plaintiff Class.  The questions of law and fact common to Plaintiff and the Plaintiff Class predominate over questions affecting only individual members of the Plaintiff Class, and include, but are not limited to, the following:

(a) Whether from October 16, 2013 to the date the Class is certified, Defendant contacted any member of the Class (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

(b) Whether the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

69. Plaintiff asserts claims that are typical of the Plaintiff Class based upon the conduct of Defendant, which is uniform across all Class Members.

70. Injuries sustained by Plaintiff and the members of the Plaintiff Class flow, in each instance, from a common nucleus of operative facts.  Defendant or its agents used an ATDS to contact Plaintiff and the Plaintiff Class on their cellular telephones without prior express written consent.

71. Plaintiff is an adequate representative of the Plaintiff Class because his interests do not conflict with, and are not antagonistic to, the interests of the members of the Plaintiff Class he seeks to represent.  Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

72. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class litigation and other complex litigation.

73. Plaintiff and the members of the Plaintiff Class have all sustained injuries caused by Defendant's conduct.

74. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy.  Absent a class action, the members of the Plaintiff Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all.  Because of the relatively small size of the individual claims of the members of the Plaintiff Class, few members of the Plaintiff Class likely could afford to seek legal redress on their own.  Absent a class action, members of the Plaintiff Class will continue to sustain damages, and Defendant's misconduct will proceed without remedy.

75. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.  Additionally, Defendant has

acted, and failed to act, on grounds generally applicable to Plaintiff and the Plaintiff Class, requiring Court imposition of uniform relief to ensure compatible standards of conduct toward Plaintiff and the Plaintiff Class.

76. Adequate notice can be provided to the members of the Class directly using information maintained in Defendant's records or through notice by publication.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

77. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

78. Defendant made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class Members.

79. Defendant made the calls without prior express written consent of the Plaintiff and Class Members.

80. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

81. As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

82. Because Defendant had knowledge that Plaintiff and the Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

83.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

84.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

85.     Plaintiff is entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## RELIEF REQUESTED

86.     WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class, prays for the following relief:

a.  An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Hughes Ellzey, LLP as lead Class Counsel.

b.  An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

d.  Injunctive relief prohibiting Defendants' conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

e.  Pre-judgment and post-judgment interest on monetary relief;

f.  An award of reasonable attorneys' fees and court costs in this action;

g.  All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

87.     Plaintiff, individually and on behalf of the Plaintiff Class, demands a jury trial on all issues triable to a jury.

Respectfully Submitted,

| **HUGHES ELLZEY, LLP** | **SOUTHWEST LEGAL GROUP** |
|---|---|
| /s/ W. Craft Hughes | By: /s/ *Michael R. Dufour* |
| W. Craft Hughes | Michael R. Dufour, Esq. |
| *Attorney-in-Charge* | Attorney for Plaintiff |
| Texas Bar No. 24046123 | California Bar No. 290981 |
| | michaeldufour1@gmail.com |

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS
*(Pro Hac Vice Admission will be requested)*