MICHAEL R. DUFOUR, ESQ. California Bar No.: 290981
**SOUTHWEST LEGAL GROUP**
22440 CLARENDON STREET, SUITE 200
WOODLAND HILLS, CA 91367
TEL: (818) 591-4300
FACSIMILE: (818) 591-4315
mdufour@swlegalgrp.com

W. CRAFT HUGHES, ESQ. Texas Bar No.: 24046123
JARRETT L. ELLZEY, ESQ. Texas Bar No.: 24040864
BRIAN B. KILPATRICK, ESQ. Texas Bar No.: 24074533
**HUGHES ELLZEY, LLP**
(Admitted *pro hac vice*)
GALLERIA TOWER I
2700 POST OAK BOULEVARD, SUITE 1120
HOUSTON, TX 77056
TEL: (713) 554-2377
FACSIMILE: (888) 995-3335
craft@hughesellzey.com
jarrett@hughesellzey.com
brian@hughesellzey.com

*Attorneys for Plaintiff and the Proposed Class*

**BOUTIN JONES INC.**
Michael E. Chase, SBN 214506
mchase@boutinjones.com
Bashar S. Ahmad, SBN 258619
bahmad@boutinjones.com
Gabrielle D. Boutin, SBN 267308
gboutin@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Tel.: (916) 321-4444
Fax: (916) 441-7597

*Attorneys for Defendant Paramount Equity Mortgage, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW SCOTT ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs, | Case No. 2:14-cv-02359-TLN-CKD<br><br>**JOINT RULE 26(f) STATUS REPORT** |

1

664244.4

v.

PARAMOUNT EQUITY MORTGAGE, LLC,

        Defendant.

## **JOINT RULE 26(f) STATUS REPORT**

TO THE HONORABLE TROY L. NUNLEY:

    COME NOW, Plaintiff Matthew Scott Robinson, individually and on behalf of all others similarly situated, and Defendant Paramount Equity Mortgage, LLC, parties to the above-titled and numbered cause, and file this Joint Rule 26(f) Status Report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring Joint Status Report:

**A.    A brief summary of the claims.**

    Plaintiff filed this class action alleging that Defendant willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing to be made unsolicited telephone calls to cellular telephones belonging to Plaintiff and the putative Class Members. Defendant categorically denies Plaintiff's allegations and denies that Plaintiff or any other person is entitled to the relief sought or any relief. Plaintiff maintains, however, that the evidence will show that Defendant's conduct and actions were in violation of the TCPA and therefore Plaintiff and the putative Class Members are entitled to judgment against Defendant in the amount of no less than $500.00 per violation, together with attorney's fees, court costs, and treble damages (for knowing and/or willful violations).

**B.    Status of service.**

    Defendant was served with Plaintiff's Original Class Action Complaint on October 10, 2014.

**C.    Possible joinder of additional parties.**

    None at this time.

**D.    Contemplated amendments to the pleadings.**

    None at this time.

2

664244.4

**E.     The statutory basis for venue and jurisdiction.**

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because Plaintiff's claims arise from alleged violations of a federal statute; specifically, 47 U.S.C § 227, *et seq.* (the Telephone Consumer Protection Act).  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1-2) because a substantial part of the events or omissions giving rise to the claims occurred in this District; and Defendant resides in this District.

**F.     Anticipated discovery and the scheduling of discovery, including**

> **1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

No changes are necessary.  In accordance with Rule 26(a)(1), Plaintiff and Defendant will make their initial disclosures on or before December 29, 2014.

> **2) The subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases.**

Discovery will be completed by August 1, 2015.  The parties will likely conduct written discovery and take oral depositions of Defendant's corporate representatives, agents, and employees regarding Defendant's telemarketing practices to determine compliance with federal and state law.  Plaintiff may also conduct inspections of Defendant's call centers, computers, and telephone dialing systems.  Defendant will take discovery concerning Plaintiff's and putative class members' consent to receive the telephone calls at issue, and other issues relating to Defendant's defenses.

> **3) What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and what other limitations, if any, should be imposed.**

None.

> **4) The timing of disclosures of expert witnesses and information required by Rule 26(a)(2).**

Plaintiff proposes that expert disclosures be made as follows:  Plaintiff will make expert disclosures on or before April 30, 2015.  Defendant will make its expert disclosures on or before May 30, 2015.  Rebuttal expert reports will be due by June 30, 2015.

Defendant is agreeable to the structure proposed by Plaintiff proposes that expert disclosures be made at least 6 months later than the dates proposed by Plaintiff in order to allow adequate time to conduct fact discovery.

> **5) The proposed dates for discovery cut-off.**

Plaintiff's Proposed discovery cut-off date: August 1, 2015.

664244.4

Defendant proposes that discovery be permitted through no earlier than March 2, 2016. The factual discovery necessary to rebut the Plaintiff's and putative class members' claims is very large. If the action is certified as a class action, there are potentially thousands of class members, depending on how the court defines the class. The discovery needed would not likely be obtainable by August.

**G.  Proposed date by which all non-discovery motions shall be filed.**

Plaintiff's Non-discovery motions filing deadline: September 4, 2015.

Defendant proposes that the last day for hearing on dispositive motions be set no earlier than two months after the deadline to complete discovery.

**H.  Proposed date for final pretrial conference and trial.**

Plaintiff's Proposed final pretrial conference date: October 5, 2015.
Plaintiff's Proposed trial date: October 19, 2015.

Defendant proposes that the final pretrial conference and trial be scheduled for no earlier than April 2016.

**I.  Estimate of days of trial, and whether any party has demanded a jury.**

Plaintiff estimates that this case will require four trial days. Plaintiff made a jury demand in its Original Class Action Complaint.

Defendant estimates that, if the case is certified as a class action, the trial could last from 2 to 4 weeks, depending on whether the parties are able to stipulate to narrow issues for trial. If the case is not certified as a class action, Defendant estimates that the trial would take only one to two days.

**J.  Appropriateness of special procedures such a reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c).**

The parties do not agree to try the matter before a magistrate judge. A special master is not needed at this time.

**K.  Proposed modification of standard pretrial procedures due to special nature of the case.**

None.

**L.  Whether the case is related to any other case, including any matter involving bankruptcy.**

Not applicable.

4

664244.4

**M.     Prospects of settlement, including whether a settlement conference should be scheduled.**

Plaintiff and Defendant plan to attend mediation within the next few months. Therefore, a settlement conference should not be scheduled at this time.

**N.     Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.**

Plaintiff and Defendant are willing to waive any disqualification and stipulate to the trial judge acting as a settlement judge and anticipate that the parties will file a stipulated ESI protocol to govern discovery in this case.

DATED: December 16, 2014.

    Respectfully submitted,

    HUGHES ELLZEY, L.L.P.

    By: */s/ W. Craft Hughes*
    W. Craft Hughes
    *Attorney-in-Charge*
    Texas Bar No. 24046123
    E-Mail: craft@crafthugheslaw.com
    Jarrett L. Ellzey
    Texas Bar No. 24040864
    E-Mail: jarrett@crafthugheslaw.com
    2700 Post Oak Blvd., Ste. 1120
    Galleria Tower I
    Houston, TX 77056
    Telephone: (713) 554-2377
    Facsimile (888) 995-3335

    SOUTHWEST LEGAL GROUP, P.C.

    By: */s/ Michael R. Dufour*
    Michael R. Dufour, Esq.
    Attorney for Plaintiff
    California Bar No. 290981
    michaeldufour1@gmail.com

    **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

664244.4

**BOUTIN JONES INC.**

*/s/ Michael E. Chase*
Michael E. Chase, SBN 214506
mchase@boutinjones.com
Bashar S. Ahmad, SBN 258619
bahmad@boutinjones.com
Gabrielle D. Boutin, SBN 267308
gboutin@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Tel.: (916) 321-4444
Fax: (916) 441-7597

**ATTORNEYS FOR DEFENDANT**

664244.4