1 | MICHAEL R. DUFOUR, ESQ. California Bar No.: 290981
**SOUTHWEST LEGAL GROUP**
2 | 22440 CLARENDON STREET, SUITE 200
WOODLAND HILLS, CA 91367
3 | TEL: (818) 591-4300
FACSIMILE: (818) 591-4315
4 | mdufour@swlegalgrp.com

5 | W. CRAFT HUGHES, ESQ. Texas Bar No.: 24046123
craft@hughesellzey.com
6 | JARRETT L. ELLZEY, ESQ. Texas Bar No.: 24040864
jarrett@hughesellzey.com
7 | **HUGHES ELLZEY, LLP**
(admitted *pro hac vice*)
8 | GALLERIA TOWER I
2700 POST OAK BOULEVARD, SUITE 1120
9 | HOUSTON, TX 77056
TEL: (713) 554-2377
10 | FACSIMILE: (888) 995-3335

11 | *Counsel for Plaintiff and the Putative Class*

12 | **BOUTIN JONES INC.**
Michael E. Chase, SBN 214506
13 | mchase@boutinjones.com
Bashar S. Ahmad, SBN 258619
14 | bahmad@boutinjones.com
Gabrielle D. Boutin, SBN 267308
15 | gboutin@boutinjones.com
555 Capitol Mall, Suite 1500
16 | Sacramento, CA 95814
Tel.: (916) 321-4444
17 | Fax: (916) 441-7597

18 | *Attorneys for Defendant Paramount Equity Mortgage, LLC*

19 | **IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
20 | **SACRAMENTO DIVISION**

21 | MATTHEW SCOTT ROBINSON,          )   **Case No. 2:14-cv-02359-TLN-CKD**
individually and on behalf all others similarly )
22 | situated,                        )   **STIPULATION OF SETTLEMENT**
                                     )   **AND RELEASE**
23 |          *Plaintiffs*,          )
                                     )
24 | v.                              )
                                     )
25 | PARAMOUNT EQUITY MORTGAGE, LLC,  )
                                     )
26 |          *Defendant*.           )
                                     )
27 | _____)

28 |

-1-

Stipulation of Settlement and Release

EXHIBIT 1

This Stipulation of Settlement and Release ("Stipulation" or "Stipulation of Settlement" or "Agreement") is made and entered into by and between Plaintiff Matthew Scott Robinson on behalf of the class of plaintiffs defined below ("Plaintiff"), and Defendant Paramount Equity Mortgage, LLC (hereinafter "Paramount" or "Defendant"). Plaintiff and Defendant are hereinafter collectively referred to as "the Parties." The settlement provided for in this Stipulation is subject to the terms and conditions set forth in this Stipulation and the approval of the Court. The value of the benefits provided to the class by this settlement exceeds $700,000, including a Common Settlement Fund of $660,000.

## RECITALS

1.     On October 8, 2014, Plaintiff commenced an action ("Action") by filing a Class Action Complaint captioned *Robinson v. Paramount Equity Mortgage, LLC* in the United States District Court for the Eastern District of California, where it was assigned Case No. 2:14-cv-02359-TLN-CKD. The Action alleges, *inter alia,* that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by causing unsolicited calls to be made to Plaintiff's and other class member's cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded or artificial voice message. On February 19, 2015, Plaintiff filed his First Amended Class Action Complaint further alleging he and other class members were registered on the National Do Not Call Registry ("DNC") at the time Defendant called them.

2.     The TCPA limits the use of automatic telephone dialing systems ("ATDS"), artificial or prerecorded voice messages, SMS text messages, and fax machines. As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line, a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged

EXHIBIT 1

for the call.  The TCPA and FCC rules also generally prohibit any call to a person registered on the National Do Not Call Registry without prior express written consent.

3.      Plaintiff alleges that between September 8, 2014 and September 16, 2014, Defendant contacted Plaintiff on his cellular telephone number *via* an ATDS eight times without first obtaining Plaintiff's consent.  Plaintiff further alleges that Defendant's conduct in calling Plaintiff was willful and knowing.  Defendant's records indicate that Plaintiff was called twelve times by Defendant on his cellular telephone.  Defendant claims it had Plaintiff's consent to call him on his cell phone, and obtained such consent before the FCC rules changed to require written consent.  Defendant claims it did not use a dialer with "a random or sequential number generator" and thus did not use an ATDS.  Finally, Defendant claims it did not use any artificial or prerecorded voice in any call made to Plaintiff.  As noted in Section 36, below, Defendant does not admit any liability, including liability for violating the TCPA.

4.      On October 31, 2014, Defendant filed an Answer to Plaintiffs' Original Class Action Complaint.  On November 21, 2014, Defendant filed its First Amended Answer to Plaintiff's Original Class Action Complaint.  On April 2, 2015, Defendant filed its Answer to Plaintiff's First Amended Class Action Complaint.

5.      In January of 2015, the Parties commenced informal discovery and exchanged confidential documents related to the claims and defenses at issue in this Action. The Parties achieved a reasonable sense of the strengths and weaknesses of their claims through informal discovery and the exchange of documents.  On February 13, 2015, all Parties and their counsel attended mediation with former Texas District Court Judge, the Hon. Susan Soussan (Ret.), an independent third-party neutral, and thereafter reached a settlement during mediation subject to confirmatory discovery and approval of the Court. Class counsel's attorney's fee was never negotiated or discussed until after the tentative settlement of the class' claims was reached through arms-length negotiations and agreed upon by the Parties at mediation.

6.      After mediation and the Parties' agreement to settle this Action, Plaintiff's counsel began conducting confirmatory discovery.  Specifically, on February 26, 2015 Plaintiff's counsel

705660.2
EXHIBIT 1

sent a combine fifty-six (56) Requests for Production of Documents and Interrogatories to Defendant, in addition to the one-hundred and twenty-two (122) previously sent written discovery requests. On April 1, 2015, Plaintiff received and reviewed Defendant's responses and production of documents.   Defendant produced over 33,500 pages of documents and four separate audio recordings, all reviewed and analyzed by Plaintiff's counsel to confirm the claims of the Settlement Class in this Action. As a result of what Plaintiff's counsel learned from the documents and information produced by Defendant, Plaintiff's counsel served a third-party subpoena for production of documents to Azevedo Marketing Solutions ("AVS") in Santa Rosa, California, on April 1, 2015 to confirm the representations made by Defendant in its discovery responses. On April 20, 2015, Plaintiff's counsel received, reviewed, and confirmed the additional information and documents produced by AVS in response to the subpoena.  Plaintiff's counsel also received and reviewed supplemental responses to a number of Plaintiff's Interrogatories.

7.     The Parties agree this proposed settlement is a fair, reasonable, and adequate resolution of the class members' claims in this Action pursuant to Rule 23(e). Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that, for any purpose other than that of settling the Action, the claims are appropriate for class treatment.

8.     For purposes of settlement only, the Parties stipulate to the certification of the following Settlement Class defined as follows ("Settlement Class"):

> "All persons whom Defendant called for marketing purposes on a cellular telephone without prior express written consent from October 16, 2013 to May 15, 2015, and all persons whom Defendant called on a telephone number which was registered on the National Do Not Call Registry without prior express written consent from October 16, 2013 to May 15, 2015."

The Settlement Class includes Plaintiff.  The "Class Period" is defined as the period from October 16, 2013 to May 15, 2015, inclusive.

705660.2
EXHIBIT 1

9. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or reasonably related to the Action, as set forth more fully below.

10. Counsel for Plaintiff and the proposed Settlement Class have conducted a thorough investigation into the facts of the Action, engaged in confirmatory discovery, and have diligently investigated all claims the Settlement Class may have against Defendant in this Action. Based on their own independent investigation and evaluation, counsel for Plaintiff believes the terms and consideration of this Stipulation of Settlement are fair, reasonable, and adequate and in the best interest of the members of the Settlement Class in light of all known facts and circumstances, including, but not limited to, the risks of a contested motion for class certification, the situation of the Parties, the risk of significant delay, the defenses asserted by Defendant, a reasonable estimate of what the Settlement Class would have received had it prevailed at trial (or at other endpoints), and potential appellate issues.

11. The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Action with prejudice pursuant to the terms of this Stipulation of Settlement, subject to Court approval.

## AGREEMENT

12. NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

13. **Settlement Contingent Upon Court Approval.** It is agreed by and between Plaintiff and Defendant that the Action and any claims, damages, or causes of action arising out of the dispute which is the subject of the Action, be settled and compromised as between Plaintiff and the Settlement Class, on the one hand, and Defendant, on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the United States District Court for the Eastern District of California (the "Court").

14. **Settlement Effective Date.** The Settlement embodied in this Stipulation of Settlement shall become effective upon the date on which all of the following have occurred:

EXHIBIT 1

(a) execution of this Stipulation of Settlement by all Parties and counsel for the Settlement Class and counsel for Defendant; (b) certification of the proposed Settlement Class; and (c) entry of a final order and judgment ("Judgment") by the Court approving this Stipulation of Settlement and dismissing the Action with prejudice in accordance with the terms herein (which terms include, but are not limited to, the Court's retention of jurisdiction over the enforcement of this Settlement).  If there are any objections to the settlement that are not withdrawn by the date Judgment is entered, the effective date shall be after the Judgment is final by virtue of it having become final and non-appealable through (i) the expiration of all allowable periods for appeal or discretionary appellate review without an appeal or request for discretionary appellate review having been filed, or (ii) final affirmance of the Judgment on appeal or remand, or final dismissal or denial of all such appeals and requests for discretionary review (the "Settlement Effective Date").

15.   **Settlement Administrator.**   Subject to Court approval, the Parties agree and designate CPT Group, Inc. ("CPT Group") as the settlement administrator for this Action. CPT Group shall perform the duties of a settlement administrator ("Settlement Administrator") as set forth in this Agreement.

16.   **Settlement Administration Costs.**   The Settlement Administrator has estimated, based on a 10% filing rate, the entire cost of administering the settlement at approximately $43,000.00.  The fees and expenses which make up the total estimated cost of administration include, but are not limited to, tax document preparation, custodial fees, accounting fees, establishing a toll-free number and providing caller support, establishing a settlement website and securing an Internet domain, providing  postcard notification to Settlement Class members for whom Defendant has mailing addresses, overseeing the claims process, providing periodic reports, and issuing and mailing settlement checks.

17.   **Claims-Made Settlement From a Common Fund.**   This Settlement is on a claims-made basis and entitles each Settlement Class member who (1) has not timely excluded himself/herself from (opted-out of) the settlement and (2) makes a Valid Claim (hereinafter

-6-
Stipulation of Settlement and Release
EXHIBIT 1

"Eligible Settlement Class member") to the settlement benefits from a common fund described in paragraphs 19 and 21, below. A Settlement Class member may submit only a single Valid Claim for one or more telephone calls received from Defendant between October 16, 2013 to May 15, 2015.

18. **Making a Valid Claim.**    In order to make a "Valid Claim," a Settlement Class member must complete either a Postal or Online Claim Form (the Postal Claim is attached as **Exhibit A**) and timely submit the completed Claim Form to the Settlement Administrator.  Settlement Class members may obtain a Postal Claim Form through the Settlement Website, described in paragraph 23(b), or by requesting a Claim Form by calling or writing the Settlement Administrator. The Postal Claim Form will require the Settlement Class member to provide under oath his/her name and address and a statement that the Settlement Class member received an unconsented-to telephone call from Defendant on the Settlement Class member's cellular phone (or, if on a residential telephone, that the member was at the time registered with the National Do Not Call Registry) sometime between October 16, 2013 and May 15, 2015.  The Claim Form shall also provide a field for the telephone number called by Defendant.  The Settlement Administrator will also develop an online version of the Postal Claim Form (the "Online Claim Form") that may be submitted electronically.   A Claim Form returned to the Settlement Administrator shall not be considered timely unless it is submitted electronically by or postmarked with a date that is no later than 90 days from the original mailing date of the postcard notification mailing. A Settlement Class member need not submit any other document (other than the completed Claim Form) in order to make a Valid Claim.

(a)     If Defendant challenges a Claim Form as not having been submitted by an individual who meets the Settlement Class member definition or otherwise failing to constitute a Valid Claim, counsel for the Parties shall meet and confer in order to attempt to resolve the dispute, which shall include, if possible, contacting the affected Settlement Class member to provide additional information or supporting documentation.  If the Parties cannot

-7-

EXHIBIT 1

resolve the dispute, the Settlement Administrator shall make a final and binding resolution of the dispute.  Defendant shall bear the burden of disproving the validity or authenticity of any timely submitted Claim Form.

(b)     The named Plaintiff shall automatically be deemed to be an eligible Settlement Class member who has submitted a Valid Claim and need not submit a Claim Form to receive a settlement payment from the Net Settlement Fund.

19.     **Establishment of the Settlement Common Fund**.  Defendant agrees to establish a common settlement fund in an amount not to exceed $660,000 ("Settlement Fund") to be distributed by the Settlement Administrator.  Any and all amounts payable hereunder to members of the Settlement Class, the named Plaintiff, and/or counsel for Plaintiff and the Settlement Class shall be payable exclusively from the Settlement Fund.  Defendant will be responsible for payment of the Settlement Administrator's fees and expenses.

20.     The Settlement Administrator has estimated based on a 10% filing rate that it will cost approximately $43,000 to prepare and mail the Postcard notice and set up the Settlement Website.  After final approval of the settlement, Defendant shall transfer $43,000 by an electronic wire transfer to an account at a federally-insured bank designated by the Settlement Administrator to cover the estimated costs of Settlement Administration.  Within 10 business days of the Settlement Effective Date as depicted in Paragraph 14, Defendant shall transfer $660,000 needed to make all other payments required, by an electronic wire transfer to an account at a federally-insured bank designated by the Settlement Administrator.

21.     **Distribution of Settlement Fund.** After deducting and paying Plaintiffs' counsel's attorneys' fees and costs, and the service payments (enhancement award) to the named Plaintiff within 15 business days of the Settlement Effective Date, all as approved by the Court, the resulting balance ("Net Settlement Fund") shall be distributed as follows to Eligible Settlement Class members:

(a)     The Net Settlement Fund shall be divided by the number of Eligible Settlement Class members to determine each member's pro rata share ("Pro-Rata Share"), up to a

maximum individual settlement payment not to exceed $200 per Eligible Settlement Class member. If any funds remain in the Settlement Fund after all valid claims have been paid, such funds shall be distributed to the nonprofit corporation listed below, subject to this Court's approval, as a *cy pres* recipient. No amount of the Settlement Fund shall revert back to Defendant.

- Privacy Rights Clearinghouse ("PRC"): PRC is a California nonprofit corporation with 501(c)(3) tax exempt status. Their mission is to engage, educate and empower individuals to protect privacy (https://www.privacyrights.org).

(b)      The Settlement Administrator shall issue a check in the amount of the Pro Rata Share to each Eligible Settlement Class member ("Settlement Check") within 45 business days of the Settlement Effective Date.

(c)      Eligible Settlement Class members shall have 90 calendar days from the date of their Settlement Check to negotiate or deposit the Settlement Check. Thereafter, all Settlement Checks shall be deemed void, and Eligible Settlement Class members with such Settlement Checks shall not be entitled to receive any payment under the Settlement. The face value (money amount) of all Settlement Checks deemed void shall be distributed to PRC.  None of the Parties or their counsel have any financial, personal, employment or other connection to PRC.

(d)      Defendant shall have no right to the return of any portion of the Settlement Fund.

22.   **Agreement to Continue Compliance with TCPA.**  Defendant agrees to continue compliance with the requirements of the TCPA set forth in 47 U.S.C. § 227.

23.   **Notice to the Settlement Class.**  Defendant shall incur and pay for all notice costs described below or otherwise ordered by the Court, including but not limited to notice costs incurred by the Settlement Administrator.  Notice shall be made to the Settlement Class through all of the following means:

(a)   **Postcard Notice by Regular Mail:**  Defendant made telephone calls to approximately 22,998 unique telephone numbers in the Settlement Class during the Class Period.

Stipulation of Settlement and Release

705660.2

EXHIBIT 1

1  Defendant represents it has been provided mailing addresses by approximately 99% of the

2  recipients of those calls.  Within 20 calendar days after the Court grants preliminary approval of

3  the settlement, Defendant will provide the names and mailing addresses of these Settlement Class

4  members to the Settlement Administrator in a format to be mutually agreed upon by the Settlement

5  Administrator and Defendant.  No more than 30 calendar days after Defendant provides these

6  names and mailing addresses to Settlement Administrator, the Settlement Administrator shall

7  perform any necessary address updates and verifications and mail the Postcard Notice (attached

8  as **Exhibit B**) to each of these Settlement Class members.

9  (b)  **Settlement Website:**  Beginning no more than 14 calendar days after the

10  Court grants preliminary approval of the Settlement, the Settlement Administrator shall

11  publish a website on the internet at the URL www.PESettlement.com (or a similar name if

12  that one is not available) ("Settlement Website") which shall set forth a summary of the

13  terms of the settlement, and shall state the means by which Settlement Class members may

14  communicate with the Settlement Administrator (including, but not limited to, the Settlement

15  Administrators business name, address, phone number, and e-mail address), instructions on

16  how to make a claim (both electronically and by mail) and deadline(s) associated therewith,

17  instructions on how to Opt-Out of the Settlement and deadline(s) associated therewith,

18  instructions on how to file and objection and deadline(s) associated therewith, and a toll-free

19  telephone number which Settlement Class members may call to reach the Settlement

20  Administrator for questions. The Settlement Website shall also provide, free of charge, a

21  viewable, printable and downloadable copy, in PDF file format, of each of the following

22  documents: this Settlement Agreement; the Complaint; the Answer; the Court's Order

23  preliminarily approving the settlement and certifying the Settlement Class; the Claim Form; the

24  Opt-Out Form; and the Long-Form class action settlement notice which shall be in the form

25  attached hereto as **Exhibit C**.  The website shall remain active for six months after the Settlement

26  Effective Date then automatically expire.

-10-
Stipulation of Settlement and Release
EXHIBIT 1

705660.2

24.   **Attorneys' Fees and Costs.**   Defendant shall not object to or oppose an application to the Court by counsel for Plaintiff and the Settlement Class for an award of up to $199,500 in attorneys' fees, plus up to $15,000 in costs and expenses, both payable from the Settlement Fund, to compensate said counsel for all of the work already performed in this case and all of the work remaining to be performed in documenting this settlement, securing final Court approval of the settlement, and ensuring the settlement is fairly administered and implemented. Payment to counsel for Plaintiff and the Settlement Class (in the amount finally approved by the Court) will be made by the Settlement Administrator within 15 business days of the Settlement Effective Date.  Plaintiff's counsel shall be responsible for allocating and shall allocate all attorneys' fees and costs awarded by the Court amongst and between them.

25.   **Service Payment (Enhancement Award) to Plaintiff.**   Defendant shall not object to or oppose an application to the Court by the named Plaintiff for a service payment (enhancement award) of up to $10,000, payable from the Settlement Fund, to compensate the Plaintiff for his service as representatives of the Settlement Class, which shall be in addition to any amount to which Plaintiff shall be entitled to as a member of the Settlement Class as set forth in paragraph 18(b) above. Payment to Plaintiff for this enhancement award (in the amount finally approved by the Court) will be made by the Settlement Administrator within 15 business days of the Settlement Effective Date.

26.   **Opt-Out Process.**   Settlement Class members will have 90 days from the date the Postcard Notices are first mailed  to exclude themselves from the Settlement by returning a completed Opt-Out Form to the Settlement Administrator. The Opt-Out Form shall be in the form attached hereto as **Exhibit D**. Settlement Class members who timely opt-out of the Settlement shall: (a) have no right to receive any benefits under the settlement; (b) not be bound by the terms of the settlement; and (c) not have any right to object to the terms of the Settlement or be heard at the final fairness hearing.  Opt-Out forms must be submitted individually and cannot be made on behalf of a group of Settlement Class members.  Each Opt-Out From must be signed by the opting-out Settlement Class member.

Stipulation of Settlement and Release

EXHIBIT 1

1         a.      The Settlement Administrator shall compile a list of all Settlement Class

2    members who timely opt-out and provide a copy of that list to counsel for the Parties 10 calendar

3    days after the close of the opt-out period.

4         b.      If more than 5% of Settlement Class members opt-out of this settlement, at

5    Defendant's election, made at least 10 business days before the final fairness hearing, this

6    Agreement is null and void.  If Defendant elects to void this Agreement, it is responsible to pay the

7    Settlement Administrator for all costs and expenses incurred by the Settlement Administrator for

8    work performed in connection with this settlement.

9         27.   **Objections to the Settlement.**  Any Settlement Class member may, on his or

10   her own, or through an attorney hired at his or her own expense, object to the settlement or

11   to any of the terms of this Stipulation.  Any such objection(s) must be served on Plaintiff's

12   counsel and Defendant's counsel and filed with the Court. To be effective, any such

13   objection(s) must be in writing, served on Plaintiff's counsel and Defendant's counsel, and

14   filed with the Court no later than 90 days from the date the Postcard Notices are first mailed  or

15   as the Court may otherwise direct.  Each objection must include (1) the name of the Action,

16   (2) the objector's full name, address and telephone number, (3) proof of the objector's

17   membership in one of the Settlement Classes, (4) all grounds for the objection, accompanied

18   by any legal support for the objection known to the objector or his or her counsel, (5) the

19   identity of all counsel who represent the objector, if any, and (6) a statement confirming

20   whether the objector intends to personally appear and/or testify at the final fairness hearing.

21        a.      Any Settlement Class member who fails to timely file and serve written

22   objections in this manner shall be deemed to have waived any objections and shall be

23   foreclosed from making any objections to the settlement and from filing any appeal from the

24   Judgment.

25        b.      At no time shall any of the Parties or their counsel seek to solicit or

26   otherwise encourage Settlement Class members to submit written objections to the settlement

27   or to appeal any of the Court's orders related to this Agreement.

28

Stipulation of Settlement and Release
705660.2
EXHIBIT 1

28.   **Release by the Settlement Class.**  The time period covered by the release of claims described in this paragraph is the Class Period, *i.e.*, October 16, 2013 to May 15, 2015. As of the Settlement Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each member of the Settlement Classes who does not timely opt-out of the Settlement, fully releases and discharges Defendant, as well as its present and former officers, directors, members, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, consultants, attorneys, successors and assigns, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, known or unknown, arising under federal or state law out of any telephone call they received from Defendant (but not including any claims based upon goods or services provided by Defendant), which were brought or could have been brought in the Action, including without limitation all claims for violating the TCPA, 47 U.S.C. § 227 ("the Released Claims").

29.   **California Civil Code Section 1542.**  In connection with and limited to the release set forth in paragraph 28 above, as of the Settlement Effective Date, except as to such rights or claims as may be created by this Stipulation of Settlement, Plaintiff and each member of the Settlement Classes who does not timely opt-out hereby acknowledge and expressly waive any and all rights conferred by California Civil Code section 1542, which states:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

as well as by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiff and each member of the Settlement Classes who does not timely opt-out acknowledge that they may learn facts in addition to or different from facts known or believed to be known

on the Settlement Effective Date. Nevertheless, Plaintiff and each member of the Settlement Classes who does not timely opt-out waive all claims relating to such unknown or different facts.

30.   **Class Action Fairness Act of 2005.**  To the extent that any notice is required by 28 U.S.C. § 1715 is required, Defendant shall be responsible for providing timely notice after meeting and conferring with Plaintiff regarding the content of the notice.

31.   **Duties of the Parties Prior to Court Approval of the Settlement.**  The Parties shall promptly submit this Stipulation of Settlement to the United States District Court for the Eastern District of California.  Promptly upon execution of this Stipulation of Settlement, Plaintiff shall apply to the Court for the entry of a preliminary order:

(a)   Certifying a Settlement Class as defined herein;

(b)   Appointing Plaintiff Matthew Scott Robinson as class representative for settlement purposes;

(c)   Appointing Plaintiff's counsel W. Craft Hughes and Jarrett L. Ellzey as class counsel for settlement purposes.

(d)   Approving the means of notice, as described herein, to the Settlement Class as well as the form and content of all of the proposed notice forms;

(e)   Approving as to form and content the proposed Claim Form;

(f)   Approving as to form and content the proposed Opt-Out Form;

(g)   Directing notice to be provided to Settlement Class members as described herein;

(h)   Preliminarily approving the settlement subject to final review by the Court;

(i)   Establishing deadlines for Settlement Class Members to submit a Claim Form, to request for exclusion from the settlement, and to submit objections to the settlement;

(j)   Appointing CPT Group as the Settlement Administrator to perform the duties of a settlement administrator; and

Stipulation of Settlement and Release
705660.2
EXHIBIT 1

(k)     Scheduling a final fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and Plaintiff's service payments, is fair, reasonable and adequate to the Settlement Class.

32.     **Duties of the Parties In Connection With Final Court Approval of the Settlement.**  At the time of the final fairness hearing by the Court, counsel for the Plaintiff and the Settlement Classes will submit a proposed final order and judgment:

(a)     Approving the settlement reflected in this Stipulation of Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     Approving Plaintiff's counsels' application for an award of attorneys' fees and costs;

(c)     Approving the service payments to Plaintiff as the class representative; and

(d)     Dismissing the Action in its entirety with prejudice and without costs to any of the Parties except as provided in this Stipulation of Settlement.

33.     **Agreement Shall Survive Any Intervening Change of Law.**  The Parties agree and intend that this settlement agreement will not be affected by any change, modification, reversal or clarification of the law, including but not limited to any change, modification, reversal or clarification regarding willfulness or the propriety of class certification.

34.     **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

35.     **Mutual Full Cooperation.**  The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other

Stipulation of Settlement and Release

705660.2

EXHIBIT 1

efforts that may become necessary by order of the Court, to effectuate this Stipulation of Settlement and the terms set forth herein.

36.   **No Prior Assignments.**  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

37.   **No Admission.**  Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

38.   **No Tax Advice.**  Each of the Parties to this Agreement acknowledges and agrees that: (a) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice; (b) each has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement; and (c) each has not entered into this Agreement based upon the recommendation of any of the other Parties or any attorney or advisor to any of the other Parties.

39.   **Notices.** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and addressed as follows:

                  **To the Plaintiff and/or the Settlement Classes:**

            W. Craft Hughes
            HUGHES ELLZEY, LLP
            Galleria Tower I
            2700 Post Oak Boulevard, Suite 1120
            Houston, TX 77056
            Telephone: (713) 554-2377
            Facsimile: (888) 995-3335

Stipulation of Settlement and Release

705660.2

EXHIBIT 1

**To the Defendant:**

Michael E. Chase
BOUTIN JONES INC.
555 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 321-4444
Facsimile: (916) 441-7597

40.   **Construction.**   The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

41.   **Headings and Interpretations.**   Any and all paragraph titles, headings or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

42.   **Modification.**   This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

43.   **Integration Clause.**   This Stipulation of Settlement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by any party or such party's legal counsel, are merged herein, No rights hereunder may be waived except in writing.

44.   **Agreement Binding.**   This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

45.   **Class Signatories.**   It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each member of the Settlement Classes execute this Stipulation of Settlement. The notice program to the Settlement Class,

Stipulation of Settlement and Release

EXHIBIT 1

described in paragraph 23 above, will advise all Settlement Class members of the binding nature of the releases herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class who does not timely opt-out of the settlement.

46. **Covenant not to Sue.** Each of the members of the Settlement Classes hereby irrevocably covenants to refrain from, directly or indirectly, asserting any of the Released Claims, or commencing, instituting or causing to be commenced any proceeding of any kind, against Defendant or its successors or assigns based upon any of the Released Claims.

47. **Counterparts.** This Agreement may be executed and delivered in counterparts, each of which, when so executed and delivered, shall be deemed to be an original, including but not limited to pages transmitted by facsimile or PDF.

Stipulation of Settlement and Release

705660.2

EXHIBIT 1

1  AGREED TO AND ACCEPTED:

2

3  DATED: May 13, 2015                        **Plaintiff:**

4

5                                             By: _Matthew Robinson_
                                               Matthew Scott Robinson

6  DATED: May 8, 2015                         **Defendant:**

7

8                                             PARAMOUNT EQUITY MORTGAGE, LLC

9

10                                            By: _Matt Dawson_
                                               Matt Dawson, Chief Operating Officer

11

12  APPROVED AS TO FORM:

13  DATED: May 13, 2015                       **Attorneys For Plaintiff and the Settlement
                                               Class:**

14

15                                            HUGHES ELLZEY, LLP

16                                            By: _W. Craft Hughes_
17                                             W. Craft Hughes

18

19  DATED: May 11, 2015                       **Attorneys For Defendant:**

20                                            BOUTIN JONES INC.

21

22                                            By: _Michael E. Chase_
                                               Michael E. Chase

23

24

25

26

27

28

-19-
Stipulation of Settlement and Release

703151.2

EXHIBIT 1